**CHAD C. BUTTERFIELD, ESQ.**
Nevada Bar No. 10532
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, NV 89119
(702) 727-1400; FAX (702) 727-1401
Chad.Butterfield@wilsonelser.com
*Attorneys for Plaintiff/Stakeholder
Principal Life Insurance Company*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY,<br><br>Plaintiff/Stakeholder,<br><br>vs.<br><br>LERON SIMON, RITA ECKSTUT, LORIT SIMON and MICHAEL ECKSTUT as the Trustee of the SSSR IRREVOCABLE SPENDTHRIFT TRUST DATED 11-2020;<br><br>Defendants. | Case No.: 2:22-cv-01886-RFB-DJA<br><br>**STIPULATED DISCOVERY PLAN AND ~~PROPOSED~~ SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED[1]** |

Plaintiff/Stakeholder Principal Life Insurance Company, Defendant Leron Simon, and Defendants Rita Eckstut, Lorit Simon and Michael Eckstut as the Trustee of the SSSR Irrevocable Spendthrift Trust Dated 11-2020 (collectively the "Parties"), by and through their respective undersigned counsel of record, conducted a Rule 26(f) conference on May 17, 2024, and hereby submit their stipulated Discovery Plan and Scheduling Order pursuant to FRCP 16 and 26, LR 16-1, 22-1, and 26-1, and the Court's May 3, 2024 Order, FRCP 26. [ECF No. 34.] It is hereby requested that the Court enter the following Discovery Plan and Scheduling Order:

///

///

///

---

[1] On May 9, 2024, Plaintiff filed a Renewed Motion to Set Scheduling Conference Pursuant to Local Rule 22-1. [ECF No. 35.]

Page 1 of 4

296852874v.1

1. **DISCOVERY PLAN:**[2]

| | |
|---|---|
| Discovery Cutoff | **November 18, 2024** |
| Deadline to Serve Initial Disclosures | **May 30, 2024** |
| Deadline to file counterclaims[3] | **July 17, 2024** |
| Deadline to serve Initial Expert Disclosures | **September 19, 2024** |
| Deadline to serve Rebuttal Expert Disclosures | **October 21, 2024** |
| Deadline to file Dispositive Motions | **December 18, 2024** |
| Deadline to file Joint Pretrial Order | **January 17, 2025** |

2. **PRETRIAL ORDER:** In the event that parties file dispositive motions, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision on the dispositive motions or further order of the Court. The disclosure required by Federal Rule of Civil Procedure 26(a)(3) and objections thereto shall be made in the pre-trial order.

3. **INITIAL DISCLOSURES:** Any party seeking damages shall comply with Federal Rules of Civil Procedure 26(a)(1)(A)(iii).

4. **EXTENSION OF DISCOVERY DEADLINES**: Requests to extend the discovery shall comply fully with LR 26-3 [26-4 struck].  Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension.

The motion or stipulation shall include:

    a.    A statement specifying the discovery completed by the parties as of the date of the motion or stipulation;

    b.    A specific description of the discovery which remains to be completed;

    c.    The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and,

---

[2] The discovery cutoff date was calculated as 180 days from the parties' May 17, 2024 Rule 26 case conference.
[3] Pursuant to the Court's May 3, 2024 Order, the parties may file counterclaims without seeking leave of Court.

296852874v.1

   d. A proposed schedule for the completion of all remaining discovery.

It is not good cause for a later request to extend discovery that the parties informally postponed discovery. Any stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be made only with approval of the Court.

  **5. ELECTRONICALLY STORED INFORMATION ("ESI"):**

The Parties stipulate and agree that all discoverable documents will be produced on CD-ROM or via Secure File Transfer, or via Email with password protection in Portable Document Format ("PDF") with optical text recognition (electronically searchable text) as reasonably practicable.  The Parties further agreed that the "parent-child relationships" between documents will be preserved when documents are produced (e.g., e-mails and their attachments will be produced together with consecutive bates numbers) as reasonably practicable. The Parties stipulate and agree that all discoverable documents will be produced on CD-ROM, or sent by email or via a secure file-transfer site, in Portable Document Format ('PDF') with optical text recognition (electronically searchable text) as reasonably practicable.

While the Parties agree at this time that it is not necessary to produce the metadata for electronic documents, the Parties reserve their respective rights to request such information should any Party deem it necessary.   This agreement determines only the format in which the Parties produce documents; it does not affect any other right of any Party.

  **6. LR 26-1(B) CERTIFICATIONS**: The parties certify that they considered consenting to trial by a magistrate judge and use of the Short Trial Program.  The parties further certify that they met and conferred about the possibility of using alternative dispute resolution processes including, mediation, arbitration, and early neutral evaluation.

  **7. ELECTRONIC SERVICE.**  The Parties agree to accept electronic service of discovery requests and responses pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), via the email addresses identified in the signature blocks below.  To the extent discovery requests are served on a Saturday, Sunday, or legal holiday, service will be deemed effective on the next day that is not a Saturday, Sunday, or legal holiday.

296852874v.1

8. **PROTECTIVE ORDERS**. Any party may seek to enter into a stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c) prior to producing any confidential documents in its possession.

**IT IS SO STIPULATED.**
DATED: May 20, 2024

| **WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP** | **SHERMAN LAW, PLLC** |
|---|---|
| /s/ *Chad C. Butterfield* | |
| Chad C. Butterfield, Esq.<br>Nevada Bar No. 10532<br>6689 Las Vegas Blvd. South, Suite 200<br>Las Vegas, NV 89149<br>Email: Chad.Butterfield@wilsonelser.com | Shlomo S. Sherman, Esq.<br>Nevada Bar No. 9688<br>2620 Regatta Drive, Suite 102<br>Las Vegas NV 89128<br>Email: shlomo@shermanlawlv.com |
| *Counsel for Plaintiff/Stakeholder Principal Life Insurance Company* | *Counsel for Defendants Rita Eckstut, Michael Eckstut as the Trustee of the SSSR Irrevocable Spendthrift Trust, and Lorit Semmens nee Simon* |

**ANDERSEN & BROYLES, LLP**

/s/ *Karl Andersen*
Karl Andersen, Esq.
Nevada Bar No. 10306
7495 West Azure Drive, Suite 258
Las Vegas NV 89130
Email: karl@andersenbroyles.com
         brooke@andersenbroyles.com

*Counsel for Defendant Leron Simon*

## SCHEDULING ORDER

The above-set stipulated Discovery Plan of the parties shall be the Scheduling Order for this action pursuant to Federal Rule of Civil Procedure 16(b) and Local Rules 16-1 and 22-1.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 5/21/2024

296852874v.1